**Frederick Nielsen**

(813) 251-1620　　　　　　　　　　　　　　　　　　　　　　　215 W. Grand Central Ave. #414
nielsenassoc@verizon.net　　　　　　　　　　　　　　　　　　Tampa, FL 33606-1951
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　January 4, 2008

**RECEIVED**

JAN 7 2008

Rec'd by CA 1/29/08

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Brian P. Hudak, Asst. U.S. Attorney
555 4th Street, NW
Washington, DC 20530

<u>Nielsen v Johanns</u> (USDA)
Civil Case No. 07-cv-1610 (HHK)
USDC, District of Columbia

<u>Plaintiff's Supplementary & Second Request for Production of Documents</u>

Dear Counselor Hudak:

　　　I am the plaintiff, temporarily proceeding *pro se* in the above entitled matter. I am proceeding *pro se* pending the motion for *pro hac vice* admission by Alexander O. Akpodiete, JD and approval by the Court. As you know, Mr. Akpodiete represented me when this case was in Florida, until the time venue was changed to this Court.

　　　On August 31, 2006, counsel submitted Plaintiff's First Request for Production of Documents to Defendant. On April 2007, Defendant served the first of the truncated Defendant's Response to Plaintiff's First Request for Production of Documents. When Defendant's response was finally completed and served, it was mailed in one large package.

　　　Plaintiff hereby submits this Supplement to his First Document Request for the following reasons. Defendant's Response was inconsistent with Rule 34 (b) of the Fed. R. Civ. P. which states in part: "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or <u>shall organize and label them to correspond with the categories in the request</u>." [emphasis supplied] Therefore, plaintiff's Supplementary request is for Defendant to resubmit their Response to conform with this procedure.

<u>Plaintiff's Second Request for Production of Documents</u>

　　　1) All applications received (excluding plaintiff's) in response to Announcement number: F1 FSA 246, for Labor Relations Specialist Position, GS-0233-12/13, whose names appear in the Certificates of Eligibles list set forth in the Report of Investigation (ROI).

　　　2) All correspondence exchanged between the Office of Personnel Management (OPM) and/or Farm Service Agency (FSA) US Department of Agriculture and these applicants named in item #1 above.

*Leave to file GRANTED*

*/s/ Henry H. Kennedy, Jr.*
*United States District Judge*
*1/15/08*

      3) A complete copy of the Report of Investigation prepared by the Federal Facilitators Group for the U.S. Department of Agriculture, in the instant matter, dated May 28, 2004.

      Defendant is reminded of Recordkeeping and Reporting Requirements set forth at 29 CFR 1602.14(a) for Title VII of the Civil Rights Act, [copy attached]; and 29 CFR, Part 1627 for the Age Discrimination in Employment Act.

      Mr. Hudak, please provide me with two copies of your response, sending one copy to Mr. Akpodiete in anticipation of the Court's approval of his *pro hac vice* motion and the second copy to my at my address listed above. Once we have received Defendant's complete response to these requests and have had sufficient opportunity to evaluate it, we will be better able to determine which witnesses we intend to depose and promptly notify you.

      <u>To the Clerk of the Court:</u> Please be advised that I do not possess sufficient computer skills to file electronically and I already forwarded the Court's form for electronic filing to Mr. Akpodiete in expectation the approval of his application. If it has not been approved by the date of the Status Conference on February 15, 2008, I respectfully request permission to appear via telephone. I make this request based upon the logistics of my residence to the Court and that I have already been approved to proceed *in forma pauperis*. If granted, please provide me with the designated telephone number. Inasmuch as I am not an attorney at law, I am uncertain whether this request should be submitted as a formal motion to the Clerk of the Court, therefore I chose this informal letter, sending a copy there. Thank you for your cooperation. Please contact me via regular and email, if necessary, to ensure my receipt.

Very truly yours,

*Frederick Nielsen*
Frederick Nielsen,
Plaintiff, *pro se*

cc:

✓ Clerk of the Court, U.S. Dist. Court
The District of Columbia
U.S. Courthouse
333 Constitution Ave. N.W.
Washington, D.C. 20001

Alexander Osondu Akpodiete, Esq.
Atawa Associates LLC
165 Courtland Street, Suite A-315
Atlanta, GA 30303

## EEOC RULES AND REGULATIONS

Section 1601.15 of the Commission's Procedural Regulations provides that persons charged with employment discrimination, such as yourself, may submit a statement of position or evidence with respect to the allegations contained in this charge.

The Commission's Recordkeeping and Reporting Requirements are set forth at 29 CFR, Part 1602 (see particularly §1602.14(a) below) for Title VII of the Civil Rights Act; 29 CFR, Part 1627, for the Age Discrimination in Employment Act; and 29 CFR, Part 1620 for the Equal Pay Act. These Regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. They also prescribe record retention periods -- in most cases, three years for basic payroll records and one year for personnel records. Questions regarding retention periods and the types of records to be retained should be resolved by reference to the regulations.

§1602.14   Preservation of records made or kept.

(a) . . . . . Where a charge of discrimination has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII, the respondent employer shall preserve all personnel records relevant to the charge or the action. The term "personnel records relevant to the charge," for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of "final disposition of the charge or the action" means the date of expiration of the statutory period within which the aggrieved person may bring an action in a U.S. District Court or, where an action is brought against an employer either by the aggrieved person, the Commission, or by the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of the Civil Rights Act of 1964, as amended, and Section 4(d) of the Age Discrimination in Employment Act of 1967, as amended, states:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title.

The Equal Pay Act of 1963 contains similar provisions. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although it is not necessary that you be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you are represented by an attorney we request that you provide the Commission with your attorney's name, address, and telephone number, and that you ask your attorney to write to the Commission confirming such representation.

## Certificate of Service

I, Frederick Nielsen, am the Plaintiff, proceeding *pro se* in Case# 1:07-cv-1610 (HHK). I affirm, under penalty of perjury, that I served a true copy of Plaintiff's Supplementary & Second Request for Production of Documents, via first class mail of the U.S. Postal Service, on January 4, 2008, upon the attorney for Defendant, whose address is listed below:

Brian P. Hudak,
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7143

*Frederick Nielsen*

Frederick Nielsen
215 W. Grand Central Ave. #414
Tampa, FL 33606-1951
(813) 251-1620