UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICK NIELSEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIKE JOHANNS, Secretary,<br>U.S. Department of Agriculture,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Case No. 07-1610 (HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to the Court's direction at the Status Conference held on February 21, 2008, and Local Civil Rule 16.3, the parties hereby report to the Court that counsel for the parties conferred by telephone on March 29, 2008. As a consequence of this conference, the parties hereby report to the Court as follows:

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(d) and related statutes, alleging that he was discriminated against due to his race (African-American) and age (66) and retaliated against due to his prior protected activity when he was not selected for an advertised Labor Relations Specialist position with the United States Department of Agriculture ("Agency" or "USAD"). Defendant denies Plaintiff's allegations and specifically denies that the Agency or its agents or employees discriminated or retaliated against Plaintiff.

　　(1)　<u>Dispositive Motions</u> -- Plaintiff takes the position that this case cannot be resolved on a motion to dismiss. Defendant does not currently intend to file a motion to dismiss, but believes that this action can be resolved by dispositive motion at the conclusion of discovery.

(2) <u>Deadline for joining additional parties or amending pleadings</u> -- Neither plaintiff nor defendant anticipate joining additional parties or amending their pleadings.

(3) <u>Assignment to Magistrate Judge</u> -- The parties do not consent to the assignment of this case to a Magistrate Judge.

(4) <u>Prospects of Settlement</u> -- The parties do not see a realistic possibility for settlement at this time, but may be amenable to settlement discussions at the conclusion of discovery.

(5) <u>Alternative Dispute Resolution</u> -- Counsel for the parties have consulted with their clients and agree that Alternative Dispute Resolution does not appear appropriate at this time. However, the parties may be amenable to ADR at the conclusion of discovery. The parties will inform the Court if it appears that mediation might be useful at a later date.

(6) <u>Resolution by Summary Judgment</u> -- The parties agree that any motions for summary judgment should be filed within 60 days after the close of discovery. Oppositions to such motions should be filed within 45 days thereafter, and replies on such motions should be filed within 30 days after oppositions are filed.

(7) <u>Initial Disclosures</u> -- The parties have already exchanged initial disclosures in this action.

(8) <u>Extent of Discovery:</u> Prior to the transfer of this action to this Court, the parties conducted extensive document discovery. Accordingly, the parties agree that discovery should run for one-hundred and twenty (120) days, commencing from the date of entry of scheduling order by the Court. Plaintiff and Defendant propose that discovery be conducted pursuant to the presumptive discovery limitations set out in the Federal Rules of Civil Procedure.

(9) <u>Exchange of Expert Witness Information:</u>  The parties are, at this time, unlikely to designate experts in this action.  If the parties hereafter deem it necessary to designate experts in this action, the parties will submit a proposed schedule for discovery and disclosure of such experts to the Court before the end of the discovery period.

(10) <u>Class Action procedures</u> -- Not applicable.

(11) <u>Bifurcation of Trial and/or Discovery</u> -- Not appropriate for this case.

(12) <u>Date for Pretrial Conference</u> -- The parties request that the Court set a pretrial date 30 days after ruling on any motion for summary judgment or 30 days after the cut-off date for filing dispositive motions if no such motion is filed.

(13) <u>Trial Date</u> -- The parties take the position that a firm trial date should be set at the pretrial conference or at a status conference after any summary judgment motions are resolved.

(14) <u>Other Matters</u> -- None.

*   *   *

Respectfully submitted,

| | |
|---|---|
| /s/ | |
| Frederick V. Nielsen | JEFFREY A. TAYLOR |
| 215 W. Grand Central Ave., #414 | D.C. Bar #498610 |
| Tampa, FL 33606-1951 | United States Attorney |
| (813) 251-1620 | |
| nielsenassoc@verizon.net | |

*Plaintiff*

RUDOLPH CONTRERAS
D.C. Bar #434122
Assistant United States Attorney

/s/
Alexander O. Akpodiete
ATAWA ASSOCIATES LLC
165 Courtland Street, Suite A-315
Atlanta, Georgia 30303
1-404-474-4720
1-813-965-8988
E-mail: alexakpodiete@gmail.com

/s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorney for Plaintiff*
*(pro hac vice admission pending)*

*Attorneys for Defendant*

April 16, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2008, a true and correct copy of the above Joint Report Pursuant to Local Rule 16.3, was served upon *pro se* Plaintiff Frederick Nielsen by first class United States mail, postage prepaid, to:

Frederick Nielsen
215 W. Grand Central Ave. #414
Tampa, FL 33606-1951

and upon *pro se* Plaintiff and his counsel, Alexander Akpodiete (*pro hac vice* admission pending), by PDF-email to:

nielsenassoc@verizon.net; and
alexakpodiete@gmail.com.

Respectfully submitted,

/s/
BRIAN P. HUDAK
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7143
brian.hudak@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FREDERICK NIELSEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIKE JOHANNS, Secretary,<br>U.S. Department of Agriculture,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Case No. 07-1610 (HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

　　UPON CONSIDERATION of the parties' Joint Report Pursuant to Local Rule 16.3, and for good cause shown, it is hereby ORDERED that:

　　1.　Continued discovery in this action shall commence as of the date of this Order and continue for a period of one-hundred and twenty (120) days.

　　2.　Plaintiff and defendant shall conduct discovery according to the presumptive discovery limitations set out in the Federal Rules of Civil Procedure; however, the parties may jointly agree to exceed the foregoing limits without the need to seek permission from the Court.

　　3.　If the parties deem it necessary to designate experts in this action, the parties shall submit a proposed schedule for discovery and disclosure of such experts before the conclusion of the discovery period.

　　4.　Motions for summary judgment, if any, shall be filed within 60 days after the close of discovery; the responding party shall have 45 days to file an Opposition; and 30 days shall be allowed for any Reply; and it is further

   ORDERED that the status conference scheduled for Friday, April 18, 2008 is hereby vacated.

_____          _____
Date                  HENRY H. KENNEDY, JR.
                     United States District Judge