UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
APR 3 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FREDERICK NIELSEN,
    *Plaintiff,*

-against-

ED SCHAFER, Secretary
US Department of Agriculture,
    *Defendant.*

Case No: 1:07-cv-01610 (HHK)

**Motion for Consideration of my attorneys Application to Represent Me, the Plaintiff**

    I, Frederick Nielsen, am the plaintiff in the case listed above. I respectfully move for this Court to favorably consider my attorney, Alexander Akpodiete's attached Renewed Motion for Admission *Pro Hac Vice*.

    Mr. Akpodiete shared with me the substance of his conversation with Your Honor on Friday, April 18, 2008 regarding his right to represent me. There are a number of things that I find questionable. It is most likely because I am not an attorney, but what seems like plain common logic and consideration of my right for representation is not being considered.

    First, this protracted application process is **placing enormous stress upon me**. I don't think the Court intends to do that, but this apparently has not been considered. First the Clerk of the Court would not permit my attorney to file his application electronically. He had to obtain a court order just to get you to look at it. After Your Honor signed that order and my

attorney submitted his motion, the Clerk still refused place it in the record. When I inquired of your Courtroom Deputy, Tanya Johnson, her email stated: "Upon my review of the docket sheet in your case, I noticed that Mr. Akpodiete's application to appear pro hac vice has not been docketed as of yet." Please note his attached application was certified as being served on Monday, March 24, 2008. Here, it appears that the Clerk of the Court is deliberately attempting to block my attorney's application and to deprive me of legal representation as a result.

Second, when Your Honor reviewed the application and discussed it with both attorneys, I understand that reference was made to some other document from the Florida Bar. It was reportedly submitted by opposing counsel, but I never received a copy of any motion containing it. So, I don't understand how it could even be discussed when it was never formally presented to the court. I expect the opposing attorney to argue against the merits of my case, but what right does he have to interfere with my right to legal counsel?

Third, Mr. Akpodiete shared a Florida State Bar document with me. He assured me that those sanctions would not affect his representation at my case. I saw language there that confirmed it, where it made an allowance for him to "protect the interest of his clients." I understood that was for his

existing clients such as I am. Inasmuch as they made provisions for him to represent me in the State of Florida, it would appear that the Court for the District of Columbia would likewise make that stipulation.

Finally, the result of denying my attorney's application would have a severe adverse effect upon me. When this matter was at the administrative or investigative stage before EEOC in Washington, D.C., I contacted over three dozen attorneys who specialize in civil rights, labor, or employment law. None of them would represent me on a contingency basis. My difficulty was exacerbated by the logistics of residing in Florida. I would expect no difference now. Having been previously victimized by denial of employment and taken the matter to court, I became somewhat familiar with the legal procedures, but I never attended law school. I received a Handbook for Pro Se Litigants and other EEOC manuals that I used as a guide. Still, this experience and information, does not begin to compare with what attorneys have learned through their 3 or 4 years of education in law school. It would be even more severely prejudicial for me to proceed *pro se*, given that the defendant has three (3) attorneys assigned to this case who signed the Joint Report Pursuant to Rule 16.3.

Incidentally, I was told that Your Honor has suspended discovery, or allowed the defendants more time to answer our discovery request. Mr.

Hudak had emailed me and Mr. Akpodiete, over a month ago, that he would provide us with their position on the request within a few weeks. We never even brought this dispute to your attention. I don't understand the ruling. Attached: Renewed Motion for Admission *pro hac vice* by Alexander O. Akpodiete with enclosed legal argument.

Thank you for your time, consideration and indulgence of this layman.

    Respectfully submitted!

    */s/ Frederick Nielsen*
    Frederick Nielsen,
    Plaintiff

## Certificate of Service

I, Frederick V. Nielsen, am the plaintiff in the above entitled matter. I affirm under the penalty of perjury that on **Monday, April 28, 2008**, I have served a true and correct copy of the foregoing, (with the attached, Renewed Motion for Admission PRO HAC VICE by Alexander O. Akpodiete with enclosed legal argument), upon Brian P. Hudak, Esq., Assistant United States Attorney, Civil Division, 555 4th Street, NW, Washington, DC 20530 and upon my attorney, Alexander O. Akpodiete, ATAWA ASSOCIATES LLC 165 Courtland Street, Suite A-315 Atlanta, GA 30303.

    */s/ Frederick V. Nielsen*
    Frederick V. Nielsen,
    Plaintiff