UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN 1 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

FREDERICK NIELSEN,
        Plaintiff,

  -against-                      Case No. 1-07-cv-01610 (HHK)

ED SCHAFER, Secretary         **Notice of Motion**
U.S. Department of Agriculture,
        Defendant.

---

**PLEASE TAKE NOTICE** that upon the attached Affirmation of Frederick Nielsen dated below, plaintiff will move this Court, at the United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001, before U.S. District Judge Henry H. Kennedy Jr., (or his replacement), on July 11, 2008, or as soon thereafter as counsel may be heard, for an Order to Compel defendant to comply with plaintiffs Supplementary & Second Request for Production of Documents dated January 4, 2008, pursuant to Rule 37 (a) (2) of the Federal Rules of Civil Procedure.

Dated: Hillsborough County, FL
         June 11, 2008

*Frederick Nielsen*
Frederick Nielsen,
Plaintiff, Pro Se
215 W. Grand Central Ave. #414
Tampa, FL 33606-1951
(813) 251-1620

## Certificate of Service

I, Frederick V. Nielsen, am the plaintiff in the above entitled matter. I affirm under the penalty of perjury that on **June 11, 2008**, I have served a true a true and correct copy of the foregoing Notice of Motion and Affirmation (motion to compel); attachments of plaintiff's Second Request for Production of Documents; defendant's Response and Objections; and email exchange dated 3/19/08, upon Brian P. Hudak, Esq. Assistant United States Attorney, Civil Division, 555 4th Street, NW, Washington, DC 20530 via USPS and upon my attorney, Alexander O. Akpodiete, ATAWA Associates LLC 165 Courtland Street, Suite A-315 Atlanta, GA 30303.

*Frederick Nielsen*
Frederick Nielsen,
Plaintiff
215 W. Grand Central Ave. #414
Tampa, FL 33606-1951
(813) 251-1620

To:
✓ Clerk of the Court,
US District Court for District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001-2866

UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

FREDERICK NIELSEN,
          Plaintiff,

  -against-                              Case No. 1-07-cv-01610 (HHK)

ED SCHAFER, Secretary                **Affirmation**
U.S. Department of Agriculture,
          Defendant.

---

Pursuant to Rule 37 (a) (2) of the Federal Rules of Civil Procedure ("Rules"), Plaintiff respectfully moves for an Order Compelling Defendant to comply with his discovery request. Here is the sequence of events that caused this motion:

On January 4, 2008, we served the attached Plaintiff's Supplementary & Second Request for Production of Documents upon Defendant. On February 6, 2008 Defendant served the attached Response and Objection to Plaintiff's Supplemental Request and Second Request for Production of Documents. On March19, 2008, counsel for defendant Brian Hudak, Alex Akpodiete (attorney applying for *pro hac vice* admission) and plaintiff engaged in a telephone conference call discussing our discovery request. That was followed by the attached email exchange dated March 19, 2008. There, Mr. Hudak asked for more information for the basis of our request, (which we provided) and said that he would get back to us **in the next few weeks**.

In an email exchange on April 16, 2008, we reminded counselor Hudak that he has still not fully responded to our document request and there are three attorneys who signed the Joint Report apparently assigned to this case. Mr. Akpodiete told me that During the Status Conference on April 18, 2008 before the Court, Mr. Hudak made

reference to our discovery dispute, without making any effort to directly resolve it between the parties, or offering any explanation for his delay and refusal to comply. The Court granted his request for the Stay, contrary to the intent of the Joint Report, without stated reasons. The Court has not provided me with a copy of the Stay, nor the minutes of the conference. Therefore, it is unclear what the Court's position is regarding Discovery. Inasmuch as it has been more than six (6) months since the request was made, we respectfully move that the Court lift the Stay and Compel Defendant to produce the documents requested.

I affirm, under the penalty of perjury, that the statements listed above are true and correct to the best of my knowledge.

Dated: June 11, 2008
Hillsborough County, FL

Respectfully Submitted,

*Frederick Nielsen*

Frederick Nielsen,
Plaintiff
215 W. Grand Central Ave. #414
Tampa, FL 33606-1951
(813) 251-1620

**Frederick Nielsen**

(813) 251-1620                                                                                    215 W. Grand Central Ave. #414
nielsenassoc@verizon.net                                                                         Tampa, FL 33606-1951
                                                                                                  January 4, 2008

Brian P. Hudak, Asst. U.S. Attorney
555 4th Street, NW
Washington, DC 20530

Nielsen v Johanns (USDA)
Civil Case No. 07-cv-1610 (HHK)
USDC, District of Columbia

**Plaintiff's Supplementary & Second Request for Production of Documents**

Dear Counselor Hudak:

    I am the plaintiff, temporarily proceeding *pro se* in the above entitled matter. I am proceeding *pro se* pending the motion for *pro hac vice* admission by Alexander O. Akpodiete, JD and approval by the Court. As you know, Mr. Akpodiete represented me when this case was in Florida, until the time venue was changed to this Court.

    On August 31, 2006, counsel submitted Plaintiff's First Request for Production of Documents to Defendant. On April 2007, Defendant served the first of the truncated Defendant's Response to Plaintiff's First Request for Production of Documents. When Defendant's response was finally completed and served, it was mailed in one large package.

    Plaintiff hereby submits this Supplement to his First Document Request for the following reasons. Defendant's Response was inconsistent with Rule 34 (b) of the Fed. R. Civ. P. which states in part: "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or **shall organize and label them to correspond with the categories in the request**." [emphasis supplied] Therefore, plaintiff's Supplementary request is for Defendant to resubmit their Response to conform with this procedure.

**Plaintiff's Second Request for Production of Documents**

    1) All applications received (excluding plaintiff's) in response to Announcement number: F1 FSA 246 , for Labor Relations Specialist Position, GS-0233-12/13, whose names appear in the Certificates of Eligibles list set forth in the Report of Investigation (ROI).

    2) All correspondence exchanged between the Office of Personnel Management (OPM) and/or Farm Service Agency (FSA) US Department of Agriculture and these applicants named in item #1 above.

   3) A complete copy of the Report of Investigation prepared by the Federal Facilitators Group for the U.S. Department of Agriculture, in the instant matter, dated May 28, 2004.

   Defendant is reminded of Recordkeeping and Reporting Requirements set forth at 29 CFR 1602.14(a) for Title VII of the Civil Rights Act, [copy attached]; and 29 CFR, Part 1627 for the Age Discrimination in Employment Act.

   Mr. Hudak, please provide me with two copies of your response, sending one copy to Mr. Akpodiete in anticipation of the Court's approval of his *pro hac vice* motion and the second copy to my at my address listed above. Once we have received Defendant's complete response to these requests and have had sufficient opportunity to evaluate it, we will be better able to determine which witnesses we intend to depose and promptly notify you.

   <u>To the Clerk of the Court:</u> Please be advised that I do not possess sufficient computer skills to file electronically and I already forwarded the Court's form for electronic filing to Mr. Akpodiete in expectation the approval of his application. If it has not been approved by the date of the Status Conference on February 15, 2008, I respectfully request permission to appear via telephone. I make this request based upon the logistics of my residence to the Court and that I have already been approved to proceed *in forma pauperis*. If granted, please provide me with the designated telephone number. Inasmuch as I am not an attorney at law, I am uncertain whether this request should be submitted as a formal motion to the Clerk of the Court, therefore I chose this informal letter, sending a copy there. Thank you for your cooperation. Please contact me via regular and email, if necessary, to ensure my receipt.

Very truly yours,

*Frederick Nielsen* (signature)

Frederick Nielsen,
Plaintiff, *pro se*

cc:

Clerk of the Court, U.S. Dist. Court  
The District of Columbia  
U.S. Courthouse  
333 Constitution Ave. N.W.  
Washington, D.C. 20001

Alexander Osondu Akpodiete, Esq.  
Atawa Associates LLC  
165 Courtland Street, Suite A-315  
Atlanta, GA 30303

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICK NIELSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 07-1610 (HHK) |
| ) | |
| ED SCHAFER, Secretary, ) | |
| U.S. Department of Agriculture, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE AND OBJECTION TO PLAINTIFF'S SUPPLEMENTAL REQUEST AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Rules"), Defendant Ed Schafer, Secretary, U.S. Department of Agriculture,[1] by and through his undersigned attorney, hereby responds and objects to Plaintiff's Supplemental Request and Second Request for the Production of Documents as follows:

**SUPPLEMENTAL REQUEST**

Plaintiff requests that Defendant reproduce the documents produced to Plaintiff under Plaintiff's First Document Requests ("First Requests") with labels to correspond with the categories in the First Requests. Defendant objects to this supplemental request. Defendant believes that its production complied with Rule 34(b). That is, Defendant produced such documents as they were kept in the usual course of business. Moreover, Defendant exceeded its obligations under Rule 34(b) by inserting slip-sheets that described the source of the documents

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Ed Schafer, the new Secretary of Agriculture, is automatically substituted for Mike Johanns, the former Secretary of Agriculture.

that followed, with cross-references to Defendants' formal written responses. Accordingly, Defendant declines to reproduce the documents produced in response to the First Requests.

## SECOND DOCUMENT REQUESTS

### Document Request No. 1:

*All applications received (excluding plaintiff's) in response to Announcement number: F1 FSA 246, for Labor Relations Specialist Position, GS-0233-12/13, whose names appear in the Certificates of Eligibles list set forth in the Report of Investigation (ROI).*

### Response and Objection to Document Request No. 1:

Defendant objects to the request on the ground that the request is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of relevant and admissible information in this action. Defendant has already produced the application of the selectee for the position noted in this Request, and pursuant to Document Request No. 3 will reproduce such application as part of the ROI. *See* ROI at Tab 14. Defendant believes that the applications of the non-selectees are irrelevant to, and not reasonably calculated to lead to the discovery of relevant and admissible evidence in, this action.

### Document Request No. 2:

*All correspondence exchanged between the Office of Personnel Management (OPM) and/or Farm Service Agency (FSA) US Department of Agriculture and these applicants named in item #1 above.*

### Response and Objection to Document Request No. 2:

Defendant objects to the request on the ground that the request is overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of relevant and admissible information in this action. As such, Defendant declines to produce any information in response to Request No. 2.

**Document Request No. 3:**

*A complete copy of the Report of Investigation prepared by the Federal Facilitators Group for the U.S. Department of Agriculture, in the instant matter, dated May 28, 2004.*

**Response and Objection to Document Request No. 3:**

Defendant objects to the request as unduly burdensome on the ground that the requested Report of Investigation is equally available to or already in the possession, custody or control of Plaintiff. Subject to and without waiving the foregoing objections, Defendant will produce a copy of the requested Report of Investigation to Plaintiff within a reasonable amount of time hereafter.


Dated: February 6, 2008
       Washington, D.C.

                                          Respectfully submitted,

                                          _____
                                          JEFFREY A. TAYLOR, D.C. BAR #498610
                                          United States Attorney

                                          _____
                                          RUDOLPH CONTRERAS, D.C. BAR #434122
                                          Assistant United States Attorney

                                          _____
                                          BRIAN P. HUDAK
                                          Assistant United States Attorney
                                          555 4th Street, NW
                                          Washington, DC 20530
                                          (202) 514-7143

                                          *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2008, a true and correct copy of the above Response and Objection to Plaintiff's Supplemental Request and Second Request for Production of Documents, was served upon *pro se* Plaintiff Frederick Nielsen by first class United States mail, postage prepaid, to:

Frederick Nielsen
215 W. Grand Central Ave. #414
Tampa, FL 33606-1951

and upon *pro se* Plaintiff and his former counsel, Alexander Akpodiete, by PDF-email to:

nielsenassoc@verizon.net; and
alexakpodiete@gmail.com.

Respectfully submitted,

/s/ _____
BRIAN P. HUDAK
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7143
brian.hudak@usdoj.gov



**From** nielsenassoc@verizon.net
**Date** 2008/03/19 Wed PM 03:51:24 CDT
**To** "Hudak,
**CC** nielsenassoc@verizon.net
**Subject** Re: RE: Nielsen v. US Dept of Agriculture

The letters of eligibility from agency staffing specialist Terrell are necessary to compare whether plaintiff was treated differently than the other applicants. The letters from OPM staffing specialist Mansker to the other applicants must be compated to determine whether there are any inconsistencies in the classification process.

Copies of the actual applications are required to compare and determine whether these applications were in violation of 42 USC 2000-e Section (a) (2). Such comparisons are impossible without these documents.

These are documents for the 6 other applicants who were not selected, but were used in the classification and selection process. We are requesting 6 letters from the agency and 6 letters from OPM in response to the applications. We are requesting 6 applications of these parties in order to make our own judgment of whether plaintiff was properly classified in comparison with the others.

Rule 26 (b) (1) states in part: It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Failure of defendant to produce these documents will cause plaintiff to file a motion to compel and/or ask the Court to draw adverse inferences.


From: "Hudak, Brian (USADC)" <Brian.Hudak@usdoj.gov>
Date: 2008/03/19 Wed PM 01:02:47 CDT
To: "Alex O. Akpodiete, JD" <alexakpodiete@gmail.com>
Cc: nielsenassoc@verizon.net
Subject: RE: Nielsen v. US Dept of Agriculture


Alex– I would appreciate some more explanation as described in my emailbelow. However, if you are refusing to provide any, I will pass along yourlimited statement below to my client and get back to you in the next fewweeks. If you wish to provide more information in a good faith effort toresolve this dispute in a cooperative meet and confer process, we would beeager to receive it and consider it in formulating our decision.

Best,
Brian

Brian Hudak
AssistantUnited States Attorney
555 4th Street NW
Washington, DC 20530
(202) 514-7143

From: Alex O. Akpodiete,JD [mailto:alexakpodiete@gmail.com]
Sent: Wednesday, March 19, 2008 1:56 PM
To: Hudak, Brian (USADC)
Cc: nielsenassoc@verizon.net
Subject: Re: Nielsen v. US Dept of Agriculture

I believe I have explained thebest I can. Mr. Nielsen can add more if any. Just let me know what theDefendant decides after your meeting next week.
On Wed, Mar 19, 2008 at 12:42 PM, Hudak, Brian (USADC) <Brian.Hudak@usdoj.gov> wrote:
Alex – I hope you are doing well. Thank you for your below email. I apologize if my request on the phonewas unclear, but I was hoping that you would further explain or proffer(perhaps in a list) why these requested

documents are relevant to the merits of this action beyond impeachment. You and your client mentioned a few reasons on the phone, and I just would like to have your position in writing so that my client and I could further consider your request. As you know, our initial reaction to your request is that these documents, which concern the applications of third parties who were not selected for the position in question, are irrelevant to Plaintiff's claims concerning the manner in which his application was processed and how the Agency reached its selection decisions as to plaintiff.

I am not asking for work product, or an exhaustive list, rather just the top 3 or 4 reasons, if any, why you think these documents are relevant to the merits of this action in the hopes of resolving this matter in a cooperative meet and confer process with the need for judicial intervention. Many thanks in advance.

Best,
Brian

Brian Hudak
Assistant United States Attorney
555 4th Street NW
Washington, DC 20530
(202) 514-7143

From: Alex O. Akpodiete, JD [mailto:alexakpodiete@gmail.com]
Sent: Wednesday, March 19, 2008 1:09 PM
To: Hudak, Brian (USADC)
Cc: nielsenassoc@verizon.net
Subject: Nielsen v. US Dept of Agriculture

Nielsen v. US Dept of Agriculture

This is a follow-up to our discussion today about our discovery dispute:

The main issue is our request for the application and letters for the applicants that were certified for the positions Mr. Nielsen applied. The letters include the ones from the staffing specialists Alfreda Terrell to the applicants (similar to ROI Exhibit 5, page 1) and the OPM Specialist Karen Mansker to the other applicants (such as in ROI, Exhibit 5, page 2). There are various inconsistencies and red flags we have noticed so far. These documents are relevant and reasonably calculated to lead to discoverable evidence. They are clearly not burdensome as we are only asking for 6 documents from the agency staffing specialist and 6 documents from the OPM specialist. The listing of these is not meant to limit the discoverable documents.

While we do not want to give away our "work product," in an attempt to resolve this matter without the necessity of a motion, I will tell you that there are "questionable" hand-written entries on typed documents as though someone corrected them, and impeachable statements by Karen Mansker in her Interrogatory (affidavit) Exhibit 10.

Of course all of these fall under the section stating that it is unlawful for an employer "to limit, segregate or classify ... applicants for employment ..." 42 USC 2000-e Section (a) (2).

We await your response.

—
Dr. Alex O. Akpodiete, JD
165 Courtland Street
Suite A-315
Atlanta, Georgia 30303
1-404-474-4720 Work
1-813-965-8988 Cell
E-mail: alexakpodiete@gmail.com

Dr. Alex O. Akpodiete, JD
165 Courtland Street
Suite A-315
Atlanta, Georgia 30303
1-404-474-4720 Work
1-813-965-8988 Cell
E-mail: alexakpodiete@gmail.com