UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FREDERICK NIELSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1610 (HHK) |
| | ) | |
| ED SCHAFER, Secretary, | ) | |
| U.S. Department of Agriculture, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## RESPONSE TO PLAINTIFF'S MOTION FOR REASSIGNMENT OR RECUSAL

By and through his undersigned counsel, Defendant Ed Schafer ("Defendant"), Secretary, United States Department of Agriculture ("Agency" or "USDA"),[1] respectfully submits this Response to Plaintiff's Motion for Reassignment or Recusal ("Motion").  For the reasons noted below, Plaintiff's Motion is without merit.

## PRELIMINARY STATEMENT

In support of his Motion, Plaintiff argues that Judge Kennedy has committed a number of errors in the adjudication of this action and should, therefore, recuse himself from this case. These allegations of error, however, are factually inaccurate and are inadequate grounds upon which to move for recusal.

## BACKGROUND

A.    **Plaintiff Transfers the Action to this Court.**

Plaintiff initiated this action in the United States District Court for the Middle District of Florida ("MDFL") on January 17, 2006.  *See* Docket Entry No. 1, Attach. 2.  Over one and a half

---

[1]    Pursuant to Federal Rule of Civil Procedure 25(d)(1), Ed Schafer, the new Secretary of Agriculture, is automatically substituted for Mike Johanns, the former Secretary of Agriculture.

years later, after the parties conducted certain discovery, Plaintiff moved to transfer the action to this Court, which Defendant did not oppose. *See id.* On August 24, 2007, the MDFL granted Plaintiff's transfer motion and transferred the case to this Court, which was docketed with this Court on September 11, 2007. *See* Docket Entry No. 1.

**B.    Plaintiff and His Proposed Counsel Appear Telephonically at the First Status Conference.**

Upon receiving the case, the Court scheduled a status conference (the "first status conference"), which was held on February 21, 2008. *See* Docket Entry of 02/21/2008. Prior to such conference Plaintiff and Mr. Akpodiete sought leave to appear at the conference telephonically, which the Court granted. *See* Docket Entry Nos. 7, 8. At this first status conference, with Plaintiff and Mr. Akpodiete appearing telephonically, Mr. Akpodiete explained that he had attempted to file a motion to appear *pro hac vice* with the Clerk of the Court, but was rebuffed as his application was not presented by a sponsoring member of the Bar of this Court. *See* Docket Entry of 02/21/2008. Hearing this, the Court entered an Order instructing the Clerk to accept Mr. Akpodiete's *pro hac vice* motion, and scheduled a second status conference for April 18, 2008. *See id*; Docket Entry No. 9. The Court further remarked that Plaintiff and/or Mr. Akpodiete should thereafter attend all future court dates in person not by telephone.

**C.    Neither Plaintiff Nor Mr. Akpodiete Attend the Second Status Conference, Nonetheless the Court Calls Mr. Akpodiete to Learn Whether He is Indefinitely Suspended from the Florida Bar.**

Although the Court clearly told the parties at the first status conference that a second status conference would be held on April 18, 2008 at 11:00 a.m. (and entered thereafter a Minute Entry stating the same), neither Plaintiff nor Mr. Akpoidete attended such conference (the "second status conference") or filed a motion to appear telephonically or continue the conference. At the second status conference, when the Court raised the issue of Mr. Akpodiete's

*pro hac vice* motion, undersigned counsel, compelled by ethical obligations to the Court, informed the Court that Mr. Akpodiete had been indefinitely suspended by the Florida Bar and provided the Court, at its request, copies of publically available information downloaded from the Florida Bar and Florida Supreme Court websites evidencing such suspension.  Notably, although defense counsel provided the Court with the requested information, Defendant did not take any position on Mr. Akpodiete's *pro hac vice* admission or make any argument in opposition to such motion.

Upon learning that Mr. Akpodiete was indefinitely suspended by the Florida Bar, the Court successfully attempted to reach Mr. Akpodiete by telephone during the second status conference.  *See* Docket Entry of 04/18/2008.  After reaching him, the Court inquired of Mr. Akpodiete whether he was indefinitely suspended from the Florida Bar, and Mr. Akpodiete explained that he was indeed suspended.  After a brief discussion, Mr. Akpodiete requested that the Court permit him to file a supplement to this *pro hac vice* motion.  The Court agreed to allow Mr. Akpodiete to promptly supplement his motion, and informed Mr. Akpodiete that the Court would docket the materials provided by undersigned defense counsel for his review.  *See* Docket Entry of 04/18/2008; Docket Entry No. 11, Exhibit 1 (materials provided by undersigned counsel).[2]  Also, while Mr. Akpodiete was on the telephone, undersigned counsel orally moved to stay all other proceedings in the action until Mr. Akpodiete's *pro hac vice* motion was resolved and it was determined whether Plaintiff would be continuing *pro se* or with counsel. The Court granted such oral motion, and stayed proceedings in this action.  *See* Docket Entry of 04/18/2008.

---

[2]     Undersigned defense counsel also subsequently emailed the materials he provided to the Court to Plaintiff and Mr. Akpodiete as a courtesy and at their request.  *See* Email from Hudak to Akpodiete of 05/13/2008 w/o attachments, Attached Ex. 1.

**D.     Mr. Akpodiete Fails to Timely File a Supplement and the Court Denies His *Pro Hac Vice* Application.**

Over three weeks later, the Court, not having received Mr. Akpodiete's supplement, ordered that Mr. Akpodiete had until May 21, 2008, to file such a supplement.  *See* Docket Entry No. 13.  Neither Mr. Akpodiete nor Mr. Nielsen responded to this Order before the deadline imposed by the Court.[3]  On May 27, 2008 -- *i.e.* six days after Mr. Akpodiete's deadline for filing a supplement -- the Court denied Mr. Akpodiete's *pro hac vice* motion.  *See* Docket Entry No. 15.

**E.     Plaintiff's "Motion for Full Disclosure" Remains *Sub Judice*.**

Although the Court stayed all proceedings in this action following the second status conference, Plaintiff nonetheless filed a "Motion for Full Disclosure," on May 5, 2008, seeking a free copy of the transcript of the second status conference.  *See* Docket Entry No. 14.  Such motion remains *sub judice* as of this date.

<u>**ARGUMENT**</u>

**I.     PLAINTIFF'S ALLEGED ERRORS ARE FACTUALLY INACCURATE**

In sum, Plaintiff asserts that Judge Kennedy has taken numerous incorrect actions, and thus, should recuse himself from this action.  Specifically, Plaintiff asserts that Judge Kennedy wrongfully: (a) excluded Plaintiff from the second status conference; (b) permitted undersigned defense counsel to be present at such conference; (c) accepted publically available documents from undersigned defense counsel regarding the suspension of Plaintiff's proposed counsel from

---

[3]     On the very day that Mr. Akpodiete's supplement was due -- *i.e.*, May 21, 2008 -- Mr. Akpodiete emailed undersigned counsel and asked for Defendant's consent to a motion to enlarge Mr. Akpodiete's time to file a supplement.  *See* Supplement at Ex. 1, Attached Ex. 2.  Undersigned counsel informed Mr. Akpodiete that Defendant did not oppose such a request for an enlargement.  *See id.*  Thereafter, by regular mail postmarked May 31, 2008 (ten days after his deadline, and four days after the Court ruled on his *pro hac vice* motion), Mr. Akpodiete sent undersigned counsel a "Supplement to Renewed Motion for Admission *Pro Hac* Vice By Alexander O. Akpodiete with Unopposed Motion for Enlargement of Time."  *See* Supplement, Attached Ex. 2.  It is unclear whether Mr. Akpodiete ever sent this supplement to the Court.

the Florida Bar; (d) ignored Plaintiff's Motion for Full Disclosure; (e) denied Plaintiff's motion to admit his proposed counsel to the Bar of this Court *pro hac vice*; and (f) failed to provide Plaintiff with copies of orders.   These alleged errors, however, are quite clearly based upon nonsensical assertions and misstatements of the record.

*First*, contrary to Plaintiff's assertion, he was not excluded from the second status conference.  Plaintiff was notified of such conference at the first status conference.  Moreover, the date and time of the second status conference were publically available on the Court's electronic docket.  *See* Docket Entry of 02/21/2008.  Despite this notice, Plaintiff failed to attend. Accordingly, Plaintiff's absence at the second status conference was his own doing, and was not due to exclusion by the Court.

*Second*, as this action seeks recovery from Defendant, defense counsel not only has the undisputed right, but the obligation to attend status conferences set by the Court in this action. Any suggestion to the contrary is plainly nonsensical.

*Third*, contrary to Plaintiff's assertions, he has received copies of the publically available documents regarding Mr. Akpodiete's bar suspension, including directly from undersigned counsel.  Plaintiff did not receive such documents at the second status conference because, as noted above, he chose not to attend such conference despite having notice of it.  Further, contrary to Plaintiff's spurious allegations, defense counsel speaking in open court at a scheduled status conference of which Plaintiff had notice is hardly an improper *ex parte* communication.

*Fourth*, simply because the Court has not ruled upon Plaintiff's Motion for Full Disclosure does not mean the Court has "ignored" such motion.  That motion, as with Plaintiff's four other pending motions, remains *sub judice* with the Court.

*Fifth*, pursuant to the Federal Rules of Civil Procedure a court is not compelled to issue an opinion for each and every order it issues, especially for routine matters such as *pro hac vice* motions. *See* Fed. R. Civ. P. 52(a)(2) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or . . . any other motion"). Indeed, as reflected by the docket in this action, it is commonplace for courts to issue orders without opinions on routine non-dispositive motions. Moreover, the Court's decision denying Mr. Akpodiete's *pro hac vice* admission is undoubtedly supported by the record, including Mr. Akpodiete's indefinite suspension by the Florida Bar. Indeed, Plaintiff's due process rights are not impacted when a court exercises its discretion to deny admission to an attorney who currently possesses no state license to practice law.

*Sixth, and lastly*, Plaintiff fails to identify the orders with which the Court has supposedly failed to provide him. Moreover, undersigned defense counsel has often sent Plaintiff and Mr. Akpodiete courtesy copies of the Court's Orders to ensure that they promptly receive such items. *See* Emails w/o attachments, Attached Exs. 3, 4. Accordingly, Plaintiff's claim that he did not receive orders of the Court is without merit.

## II.    EVEN IF HIS UNFOUNDED ALLEGATIONS WERE TRUE, PLAINTIFF HAS FAILED TO MEET THE STANDARD FOR RECUSAL.

Nothing in Plaintiff's Motion, even if true, would necessitate Judge Kennedy to recuse himself from this action. A motion to recuse under 28 U.S.C. § 144 or § 455, "must be based upon prejudice from an extra-judicial source." *Liberty Lobby, Inc. v. Dow Jones & Co., Inc.*, 838 F.2d 1287, 1301 (D.C. Cir. 1988) (affirming denial of motion to recuse) (internal quotations omitted). As the D.C. Circuit further explained in *United States v. Haldeman*, 559 F.2d 31, 133 (D.C. Cir. 1976), "the attitude for which Section 144 mandates recusal is not indicated by prior judicial rulings, or in-court comments prompted by developments in the case or prior legal

proceedings, or the exercise of related judicial functions." *Id.* As all of Plaintiff's fallacious complaints in this action stem from the proceedings of the case, and not extra-judicial sources, Plaintiff's motion to recuse should be denied.

## CONCLUSION

For the aforementioned reasons, the Court should deny Plaintiff's Motion for Reassignment or Recusal. A proposed order is attached.

Dated: July 3, 2008
       Washington, D.C.

                                        Respectfully submitted,


                                        _____
                                        JEFFREY A. TAYLOR, D.C. BAR #498610
                                        United States Attorney


                                        _____
                                        RUDOLPH CONTRERAS, D.C. BAR #434122
                                        Assistant United States Attorney


                                                /s/
                                        _____
                                        BRIAN P. HUDAK
                                        Assistant United States Attorney
                                        555 4th Street, NW
                                        Washington, DC 20530
                                        (202) 514-7143

                                        *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of July, 2008, a true and correct copy of the above

Response to Plaintiff's Motion for Reassignment or Recusal, was served upon *pro se* Plaintiff

Frederick Nielsen by first class United States mail, postage prepaid, to:

Frederick Nielsen
215 W. Grand Central Ave. #414
Tampa, FL 33606-1951

and by PDF-email to: nielsenassoc@verizon.net.

Respectfully submitted,

  /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7143
brian.hudak@usdoj.gov

# EXHIBIT
# 1

**Hudak, Brian (USADC)**

| | |
|---|---|
| **From:** | Hudak, Brian (USADC) |
| **Sent:** | Tuesday, May 13, 2008 7:27 PM |
| **To:** | 'Alex O. Akpodiete, JD' |
| **Cc:** | nielsenassoc@verizon.net; nielsenassoc@aol.com |
| **Subject:** | RE: Documents provided to Judge |
| **Attachments:** | Govt_AkpodieteBarHistory_Nielsen.pdf |

Mr. Akpodiete – I hope you are well.  I was under the assumption that the Court was going to post the publically available information reviewed by the Court at the status conference to the Court's electronic docket after the Court conference.  However, as a courtesy, please find a copy of such publically available information, which was downloaded from the Florida Bar and Florida Supreme Court websites.

Best,
Brian


**Brian Hudak**
**Assistant United States Attorney**
**555 4th Street NW**
**Washington, DC 20530**
**(202) 514-7143**

**From:** Alex O. Akpodiete, JD [mailto:alexakpodiete@gmail.com]
**Sent:** Tuesday, May 13, 2008 3:12 PM
**To:** Hudak, Brian (USADC)
**Cc:** nielsenassoc@verizon.net; nielsenassoc@aol.com
**Subject:** Documents provided to Judge


I have yet to receive a copy of the documents you provided to the Judge at the last status conference that was filed. Please provide me a copy by 5pm tomorrow so that I can adequately respond. You can scan it and e-mail to me. Thanks.
--
Dr. Alex O. Akpodiete, JD
165 Courtland Street
Suite A-315
Atlanta, Georgia 30303
1-404-918-6023 Work
1-813-965-8988 Cell
E-mail: alexakpodiete@gmail.com

# EXHIBIT
# 2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

--------------------------------------------------------)
                                          )

FREDERICK NIELSEN,                )

          *Plaintiff,*        )     Case No.: 1:07-cv-01610 (HHK)

ED SCHAFER, Secretary        )
US Department of Agriculture,    )

          *Defendant.*      )

--------------------------------------------------------)

## SUPPLEMENT TO RENEWED MOTION FOR ADMISSION *PRO HAC VICE* BY ALEXANDER O AKPODIETE WITH UNOPPOSED MOTION FOR ENLARGEMENT OF TIME

Comes now, Alexander Akpodiete, and supplements his Motion for admission Pro Hac Vice and states the following in support thereof

1.    The initial issue with the bar was for a client (Shirley White) who received a 90-day right to sue from the EEOC and claimed she was not aware of the deadline. The Bar concluded that I should not only have advised verbally, I should also have written her a separate letter, besides the EEOC notice. At the time of dispute, the client cancelled a second face to face appointment and undersigned was running for Circuit Judge. The client did not resurface until six month after her file was closed by my office.

2.    The matter involving Deborah Louvar are all the latter matters wherein the law firm and I were supposed to refund her $9193 and could not immediately except for $300. The Court held me in contempt and when I could not pay, initially put me on probation and then suspension, until I could pay. A careful reading will show that they are all related.

3.      These matters should not prevent me from representing Mr. Nielsen. Also, I have

decided to return to Florida and raise the funds to pay the bar and get the suspension lifted by

obtaining other employment.

4.      Undersigned also moves unopposed for an enlargement of time to provide this

response. He contacted opposing counsel via e-mail on the 21st after he was released from the

hospital. Attached is a copy of the hospital release papers and the e-mail exchange.

**WHEREFORE,** Undersigned respectfully requests that he be admitted pro *hac vice* to

complete his representation of indigent Plaintiff, along with any other relief equitable that this

Court deems just and equitable.

                                        Respectfully Submitted,


                                        Alexander O. Akpodiete
                                        ATAWA ASSOCIATES LLC
                                        165 Courtland Street, Suite A-315
                                        Atlanta, Georgia 30303
                                        1-404-474-4720
                                        1-813-965-8988
                                        E-mail: alexakpodiete@gmail.com

## CERTIFICATE OF SERVICE

*I hereby* certify that on **Wednesday, May 28, 2008** I served a true and correct copy of

the foregoing to Brian P. Hudak, Esq., Assistant United States Attorney, Civil Division, 555 4th

Street, NW, Washington, DC 20530; and Plaintiff Frederick Nielsen, 215 W. Grand Central

Avenue, #414, Tampa, FL 33606-1951.


                                        Alexander O. Akpodiete



Alex O. Akpodiete, JD <alexakpodiete@gmail.com>

# Extension
2 messages

---

**Alex O. Akpodiete, JD <alexakpodiete@gmail.com>**                               Wed, May 21, 2008 at 2:32 PM
To: "Hudak, Brian (USADC)" <Brian.Hudak@usdoj.gov>
Cc: "nielsenassoc@verizon.net" <nielsenassoc@verizon.net>, "Tanya_Johnson@dcd.uscourts.gov"
<Tanya_Johnson@dcd.uscourts.gov>

Mr. Hudak,

I have been in pain for some days now and just came out of Grady Memorial hospital (11 AM today) because of a left knee pain that is going to require surgery. I want to know if you have an objection to a week extension for me to supplement my pro hac vice motion. I have not been granted electronic filing access. So, it will be by surface mail.

--
Dr. Alex O. Akpodiete, JD
165 Courtland Street
Suite A-315
Atlanta, Georgia 30303
1-404-918-6023 Work
1-813-965-8988 Cell
E-mail: alexakpodiete@gmail.com

---

**Hudak, Brian (USADC) <Brian.Hudak@usdoj.gov>**                               Wed, May 21, 2008 at 4:42 PM
To: "Alex O. Akpodiete, JD" <alexakpodiete@gmail.com>

That's fine. I will likely also need to file a motion to continue the court conference schedule for the 1st week in June pursuant to the court's instructions that he didn't need to see us again until the pro hac application issue was resolved. Could you let me know if I have your consent on the motion to continue the status conference?


# Brian Hudak
Assistant United States Attorney
555 4th Street NW
Washington, DC 20530
(202) 514-7143


---

From: Alex O. Akpodiete, JD [mailto:alexakpodiete@gmail.com]
Sent: Wednesday, May 21, 2008 2:33 PM
To: Hudak, Brian (USADC)
Cc: nielsenassoc@verizon.net; Tanya_Johnson@dcd.uscourts.gov
Subject: Extension

[Quoted text hidden]

---

**ECC Mid-level Provider Prescription Order Form**
**Grady Health System**
80 Jesse Hill Jr. Drive, SE
Atlanta, Georgia 30303-3050

AXRODIETE, ALEX   05/21/08
40/M         ET
INS: U99   PACE
           PI:
           MR# 20452017
           VIP:

Patient Name: _Alexander Axrodiete_

Date: _05/21/08_   Clinic:_ECC_   Ext. 5-____

**Note:** Please write legibly and fill out form in its entirety. Prescriptions written by non-Grady Health System physicians or at non-Grady Health System facilities cannot be honored by Grady Health System Pharmacies.

| Patient Allergies: | | Weight: | Age: 40 | Diagnosis: | |
|---|---|---|---|---|---|

| Rx | Drug Name | Strength | Quantity | Refills | Directions : (include diagnosis or problem in directions) |
|---|---|---|---|---|---|
| 1 | Naprosyn | 500mg | twelve | NO | 1 tab po bid |
| 2 | | | | NO | |
| 3 | | | | NO | |
| 4 | | | | NO | |
| 5 | | | | NO | |

**NOTE:  No refills**
This prescription authorized through_____ _Baines_____M.D.
                                          Printed name of Supervising Physician

by_ Atlana Lewis _____,  _____
   Printed Name of Physician Assistant      Signature of Physician Assistant  Plus  Physician Assistant  ID #

MD ID#_53092_     PA  Pager #:_13894_        DEA#_____ (if controlled)

| 2005-07 | [ ] Chief of Service | [ ] Faculty | [ ] Fellow | [ ] Chief Resident | [ ] Resident |
|---|---|---|---|---|---|

006-01888

# ✚ Grady Health System
## Atlanta, Georgia
## PACe – Emergency Care Center Patient Discharge Instruction Sheet

Discharge Date: _____ Time: _____ Diagnosis: _____

Interpretive Services: ☐ No  ☐ Yes  If Yes, Language: _____  ☐ Deaf-Talk

**Pre-Printed Discharge Instructions – Your Nurse has reviewed the Discharge/Home Care Instructions that are checked below and you have received a printed copy of the instructions:**

| | | |
|---|---|---|
| ☐ Abdominal Pain | ☐ Crutch Walking/Walker Use | ☐ Neck Pain |
| ☐ Abscess | ☐ Diet – Clear Liquid/BRAT Diet | ☐ Otitis Media/Externa (Earache) |
| ☐ Animal Bites at Risk for Rabies | ☐ Dislocation | ☐ Peak Flowmeter – How To Use |
| ☐ Asthma/Reactive Airway Disease | ☐ Dysmenorrhea | ☐ Pelvic Inflammatory Disease |
| ☐ Back Pain | ☐ Elevated Blood Pressure | ☐ Pharyngitis & Tonsillitis |
| ☐ Bell's Palsy | ☐ Epididymitis & Prostatitis | ☐ Rib Fracture/Chest Wall Contusion |
| ☐ Bronchitis, Pneumonia & Pleurisy | ☐ Epistaxis (Nosebleed) | ☐ Seizure |
| ☐ Burns | ☐ Eye Injuries | ☐ Sexually Transmitted Diseases |
| ☐ Cast and Splint Care | ☐ Eye Medication & Patching | ☐ Strains & Sprains |
| ☐ Cellulitis | ☐ Fractures | ☐ Substance Abuse |
| ☐ Chest Pain (Musculoskeletal) | ☐ Headache | ☐ Syncope (Fainting) |
| ☐ Chronic Obstructive Pulmonary Disease (COPD) | ☐ Hyperventilation | ☐ Tetanus Immunization |
|  | ☐ Kidney Stones | ☐ Toothache |
| ☐ Clavicle Fracture | ☐ Lice & Scabies | ☐ Urinary Tract Infection |
| ☐ Conjunctivitis (Pink Eye) | ☐ Metered Dose Inhaler | ☐ Vaginitis |
| ☐ Contusions | ☐ Nausea, Vomiting & Diarrhea | ☐ Viral Illness |
|  |  | ☐ Wound Care |

☐ Other/Additional Instructions: _____

_____

MD/Associate Provider Signature & ID #: _____

Laceration & Suturing Information:  Diagnosis: _____

Location: _____  Number of Sutures required: _____

Return for Suture Removal in _____ Days.  Day/Date/Time: _____

Work Excuse Given:  ☐ No  ☑ Yes  If Yes, Date Seen: _____  Return to work in _three_ days

Restrictions: _____

**Prescribed Medications/Prescriptions:**

| Dose/Drug | How Often | Route | Special Instructions |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Follow-Up:**  ☐ Urgent Care Center  ☐ Grady Clinic  ☐ Women's Urgent Care Center  ☐ Private MD

*** Return to the Grady Memorial Hospital Emergency Care Center if your condition worsens ***

If you have any questions or problems call the Advice Nurse at (404) 616-0600

*Your signature below shows that your discharge instructions have been reviewed with you by a nurse, that you have received written/printed copy of the instructions and that you understand the instructions that have been provided to you.*

Nurse's Signature: _____

Patient's Signature: _____

Other Signature: _____

Relationship to Patient:

**Place Patient Label Here**

*Section To be Completed By MD/Associate Provider at time of Discharge*

*Section to be completed by Nurse at time of Discharge*



ATAWA
Associates, LLC.

165 Courtland Street
Suite A-315
Atlanta, GA. 30303 US

Specializing In:
• International Trade & Business
• Import and Export
• U.S. Immigration Law
• Contracts
• Crude Oil, Gas and Energy
• Business Development
• Emerging Markets

2008 JUN 01

UNITED STATES POSTAGE
PITNEY BOWES
$ 000.590
02 1P
0004149085   MAY 31   2008
MAILED FROM ZIP CODE 33414

X-RAYED

JUN 10 2008

DOJ MAILROOM

Clerk of Court
US District Court
555 4th Street NW
Washington D.C. 20530

20530+0000

# EXHIBIT
# 3

**Hudak, Brian (USADC)**

| | |
|---|---|
| **From:** | Hudak, Brian (USADC) |
| **Sent:** | Wednesday, May 28, 2008 2:06 PM |
| **To:** | nielsenassoc@verizon.net |
| **Cc:** | 'Alex O. Akpodiete, JD' |
| **Subject:** | Nielsen v. Johanns -- Order on Pro Hac Vice Motion |
| **Attachments:** | DistCt_OrderDenyProHac_Nielsen.pdf |

Mr. Nielsen,

I hope this day finds you well.  I believe that neither you nor Mr. Akpodiete has ECF access, so I wanted to pass along the attached Order of the Court by email in case the paper copy was delayed in reaching you by mail.

As of now, we are scheduled to appear next-Monday, June 2, 2008, before the Court here in D.C. for a court conference.  Now that Mr. Akpodiete's *pro hac* submission has been resolved by the Court, I will not be seeking an continuation of this conference.  Please let me know if you plan on attending this conference, or if you wish to seek a continuance of it.  If you do not plan on attending in person, I will file a Notice with the Court indicating as such.

If you wish to seek a continuance of the conference, I would be happy to consent to your motion.  If you decide to seek a continuance, you should file your motion as normal.  However, given that there is only 3 business days between now and the scheduled conference and delays associated with regular mail filings are common, I would like additionally to file a notice with the Court attaching your motion to promptly inform the Court if you are seeking a continuance.  Accordingly, could you please email me a version of your motion, if you chose to move for a continuance?

Please let me know how you plan to proceed, so that I may arrange my affairs accordingly.

Best regards,
Brian

**Brian Hudak**
Assistant United States Attorney
555 4th Street NW
Washington, DC 20530
(202) 514-7143

# EXHIBIT
# 4

**Hudak, Brian (USADC)**

---

**From:** Hudak, Brian (USADC)
**Sent:** Friday, March 21, 2008 11:00 AM
**To:** 'nielsenassoc@verizon.net'; Alex O. Akpodiete, JD
**Subject:** Nielsen v. US Dept of Agriculture -- Order re: Authority to File Pro Hac Motion
**Attachments:** DistCt_OrderAcceptProHacMot_Nielsen.pdf

Mr. Nielsen and Mr. Akpodiete --

I hope you both are well.  The attached order was just posted to the Court's
electronic docket.  As a courtesy, I thought to forward it to you both.

Best,
Brian

Brian Hudak
Assistant United States Attorney
555 4th Street NW
Washington, DC 20530
(202) 514-7143

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

FREDERICK NIELSEN,                         )
                                           )
                                           )
          Plaintiff,                       )
                                           )
     v.                                    )          Civil Action No. 07-1610 (HHK)
                                           )
ED SCHAFER, Secretary,                     )
U.S. Department of Agriculture,            )
                                           )
          Defendant.                       )
_____        )

**<u>ORDER</u>**

UPON CONSIDERATION of Plaintiff's Motion for Reassignment or Recusal, and

Defendant's opposition thereto, it is hereby:

ORDERED that Plaintiff's Motion for Reassignment or Recusal is DENIED.

_____                    _____
Date                                 HENRY H. KENNEDY, JR.
                                     United States District Judge