UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FREDERICK NIELSEN,            )<br>                              )<br>     Plaintiff,              )<br>                              )<br>     v.                       )<br>                              )<br>ED SCHAFER, Secretary,        )<br>U.S. Department of Agriculture,)<br>                              )<br>     Defendant.              )<br>                              ) | Civil Action No. 07-1610 (HHK) |

**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

By and through his undersigned counsel, Defendant Ed Schafer ("Defendant"), Secretary, United States Department of Agriculture ("Agency" or "USDA"),[1] respectfully submits this Opposition to Plaintiff's Motion to Compel (Docket Entry No. 19) ("Motion"). For the reasons noted below, Plaintiff's Motion is without merit.

**PRELIMINARY STATEMENT**

Plaintiff's improper Motion seeks to vaguely compel Defendant to "comply with [Plaintiff's] discovery request." Affirmation at 1. Even if Plaintiff's Motion was not otherwise improper, this indefinite, vague and unsupported request for relief fails to meet even the basic requirements of Federal Rule of Civil Procedure ("Rule") 7(b)(1). Furthermore, Plaintiff's Motion is improper because he failed to discuss the Motion with defense counsel prior to filing it, in violation of Local Civil Rule 7(m). Lastly, all proceedings in this action were stayed by the Court at the April 18, 2008, status conference ("second status conference"), and thus, Plaintiff is

---

[1]  Pursuant to Federal Rule of Civil Procedure 25(d)(1), Ed Schafer, the new Secretary of Agriculture, is automatically substituted for Mike Johanns, the former Secretary of Agriculture.

currently precluded from bringing this Motion. Accordingly, for these threshold reasons, Plaintiff's Motion to Compel should be denied.

## BACKGROUND

A. **Plaintiff Transfers the Action to this Court.**

Plaintiff initiated this action in the United States District Court for the Middle District of Florida ("MDFL") on January 17, 2006. *See* Docket Entry No. 1, Attach. 2. In sum, Plaintiff brings this action seeking redress for alleged discrimination on the basis of his race and age and retaliation for prior protected activity when he, as an outside applicant, was not selected for a certain position (the "Position") with the Farm Service Agency, a component of USDA. After the parties conducted certain discovery, Plaintiff moved to transfer the action to this Court, which Defendant did not oppose. *See id.* On August 24, 2007, the MDFL granted Plaintiff's transfer motion and transferred the case to this Court, which was docketed with the Court on September 11, 2007. *See* Docket Entry No. 1.

B. **Even Before the Parties Meet and Confer on a Discovery Plan, Plaintiff Serves a Supplementary and Second Request for the Production of Documents.**

By letter dated January 4, 2008, before the *pro hac vice* application of Plaintiff's proposed counsel (Mr. Akpodiete) was even submitted to the Court, Plaintiff propounded what he entitled a "Supplementary and Second Request for Production of Documents" (the "Document Request"). *See* Motion at Ex. 1. The Document Request essentially sought three items: (a) reproduction of all documents produced to date in the action organized by categories; (b) an additional copy of the administrative Report of Investigation ("ROI") for this matter; and (c) applications of, and correspondence with, all other non-selected applicants for the Position. *See id.*

Although discovery had yet to recommence after transfer of this action from the MDFL, on February 6, 2008, Defendant nonetheless served its response to the Document Request. *See id.* In his response, Defendant (i) objected to reproducing the documents it previously produced (as Defendant had previously complied with the Rules by producing such documents as they were kept in the usual course of business and also inserted slip-sheets that cross-referenced the documents to Defendant's written responses); (ii) agreed to produce an additional copy of the ROI; and (iii) objected to producing the applications of, and correspondence with, all other non-selected applicants on the grounds of relevance and burden.² *See* Motion at Ex. 1, pp. 3-5. Defendant subsequently produced an additional copy of the ROI, which contained the applications of Plaintiff and the selectee for the Position. *See id.*

After Defendant provided its responses, the parties discussed the third portion of Defendant's response -- *i.e.*, his objection to producing the applications of, and correspondence with, other non-selected applicants. Following a telephone conversation, Plaintiff and Mr. Akpodiete provided undersigned counsel with their rationale why such documents were relevant to this action. *See* Motion at Ex. 1, pp. 6-8. Due to matters and deadlines in other pending cases, including trial preparation in *Howard v. Evans*, Civ. A. No. 04-0756 (PLF) (D.D.C.) (which was initially scheduled for trial in April 2008), undersigned counsel had yet to fully discuss the matter with Agency counsel prior to the second status conference on April 18, 2008.

C.   **The Court Enters a Stay in the Action.**

Despite having notice of the second status conference, neither Plaintiff nor his counsel (Mr. Akpodiete) attended the conference. However, due to issues with Mr. Akpodiete's *pro hac vice* motion that arose at the conference, the Court joined Mr. Akpoidete by telephone to discuss

---

² Although Plaintiff's Motion is indescribably vague, it appears to Defendant that Plaintiff likely seeks to challenge solely this last portion of Defendant's response.

his application. *See* Def's Opp. to Pl's Mot. to Recuse at 2-3 (filed this same date). Near the end of the conference while Mr. Akpodiete was still on the telephone, in order to avoid unnecessary expenditures of time and resources while issues concerning the representation of Plaintiff were resolved, Defendant orally moved to stay all other proceedings in the action in the interim. *See* Docket Entry of 04/18/2008. The Court granted Defendant's oral motion. Accordingly, the parties' meet and confer on the Document Request was halted as of April 18, 2008.

**D.    Defense Counsel Learns that Defendant Previously Produced the Disputed Applications.**

Following the second court conference, to further familiarize himself with the case and the prior efforts of the parties in the MDFL, defense counsel reviewed Defendant's previous document productions in this action. Upon such review, defense counsel discovered that Defendant previously produced the applications of other non-selectees for the Position that Defendant had in its possession. *See* Def's Doc. Prod. at RP1P 234-71. Accordingly, Plaintiff's request for such applications is duplicative, unnecessary and entirely objectionable.[3]

**E.    Plaintiff Files the Motion Without Consulting Defendant.**

Although Plaintiff understood a stay had been entered by the Court, and that the parties' meet and confer had yet to conclude two days before the stay was entered (*see* Affirmation at 1), Plaintiff nonetheless filed this Motion postmarked June 11, 2008. Notably, Plaintiff did not attempt to reach defense counsel to discuss the Motion prior to filing it.

---

[3]    Defendant will offer, as a courtesy, to reproduce these pages to Plaintiff if he so desires. This act alone may moot this Motion.

## ARGUMENT

I. **PLAINTIFF'S MOTION FAILED TO COMPLY WITH LOCAL CIVIL RULE 7(M).**

Pursuant to Local Civil Rule 7(m):

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. The duty to confer also applies to non-incarcerated parties appearing pro se.

LCvR 7(m). Courts in this District routinely deny motions that fail to comply with this rule. *See United States v. Sci. Applications Int'l Corp.*, --- F. Supp. 2d ---, 2008 WL 2060602, at * 3 (D.D.C. May 15, 2008) (Roberts, J.) (denying motion to strike for, *inter alia*, failing to comply with LCvR 7(m)); *Penobscot Indian Nation v. U.S. Dep't of Housing & Urban Dev.*, Civ. A. No. 07-1282 (PLF), 2008 WL 635740, at *1 (D.D.C. Mar. 5, 2008) (striking filing for failing to comply with LCvR 7(m)); *Equal Rights Center v. Post Props., Inc.*, 246 F.R.D. 29, 30 (D.D.C. 2007) (Kay, M.J.) (noting that a "[f]ailure to comply with the duty to confer requirement set forth in these rules is grounds for dismissing a motion to compel[,]" and collecting cases). Accordingly, because Plaintiff failed to confer with Defendant on this Motion, it should be denied.

II. **THE COURT'S STAY RENDERS PLAINTIFF'S MOTION IMPROPER.**

On April 18, 2008, the Court stayed all proceedings in this action until "the court determines whether plaintiff shall continue pro se, or whether the application of plaintiff's counsel to appear pro hac vice shall be granted." Docket Entry of 04/18/2008. Although subsequent to that order the Court denied Mr. Akpodiete's *pro hac vice* motion, the Court has not formally lifted the stay and Plaintiff has yet to attend in person a single court conference since the case was transferred to this Court. Moreover, the representation issue appears not to be

finalized, as Plaintiff's "Motion for Consideration of my attorneys (sic) Application to Represent Me, the Plaintiff," appears to remain *sub judice* with the Court. Further, even if the stay has been lifted, the parties have not concluded their meet and confer process required by Rule 37(a)(1), which was halted due to the stay. Accordingly, Plaintiff's Motion is improper.

### III. PLAINTIFF'S MOTION FAILS TO COMPLY WITH RULE 7(B)(1).

Pursuant to Rule 7(b)(1), a motion must: "(A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Indeed, courts routinely find that motions are inadequate if they do not state with particularity the grounds for relief. *See, e.g.*, *Allender v. Ratheon Aircraft Co.*, 439 F.3d 1236, 1241 (10th Cir. 2006) (finding motion failed to satisfy Rule 7(b)(1), noting the such rule's particularity requirement means that the motion describe the grounds for relief with "reasonable specification"); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757 (7th Cir. 2001) (same); *Flagship W., LLC v. Excell Realty Partners, L.P.*, No. CV-F-02-5200, 2007 WL 1574967, at *3 (E.D. Cal. May 30, 2007) ("Looking at the motion, it is apparent that the defendant failed to state even one ground for granting the motion and thus failed to meet the minimal standard of 'reasonable specification.'"); *see also Franklin v. Dist. of Columbia*, 163 F.3d 625, 631 (D.C. Cir. 1998) ("Rule 7(b)(1) requires that motions state with particularity the grounds therefore and the relief sought."). Likewise, courts have dismissed discovery motions where the relief sought is unclear from the motion. *See, e.g., Continental Cas. Co. v. Multiservice Corp.*, Civ. A. No. 06-2256-CM, 2008 WL 73345, at *8 (D. Kan. Jan. 7, 2008) (denying cross-motion to compel where movant failed to state the relief sought among other reasons). Plaintiff's Motion fails both of these Rule 7(b)(1) prongs, and thus, should be denied.

*First,* Plaintiff fails to state what documents he seeks to compel Defendant to produce. That is, nowhere in his "Notice of Motion" or "Affirmation" does Plaintiff explain what relief he seeks through his Motion to Compel.

*Second*, Plaintiff fails to articulate with any particularity why Defendant should be compelled to produce anything. That is, Plaintiff has failed to argue that any of the objections timely interposed by Defendant to Plaintiff's Document Request were improper. For example, Plaintiff has even failed to allege summarily that (a) he has not received the sought after documents; (b) the documents sought are relevant to the action or could lead to the discovery of relevant information, or (c) that the burden on Defendant in producing such documents is not undue. Indeed, as noted above, it appears that Defendant may have previously produced the documents sought.

Without knowing the grounds for Plaintiff's Motion or the relief Plaintiff seeks in such Motion, Defendant cannot oppose it or take steps to resolve the dispute without judicial intervention. Accordingly, Plaintiff's Motion should be denied.

## CONCLUSION

For the aforementioned reasons, the Court should deny Plaintiff's Motion to Compel. A proposed order is attached.

Dated: July 3, 2008
      Washington, D.C.

                                    Respectfully submitted,

                                    JEFFREY A. TAYLOR, D.C. BAR #498610
                                    United States Attorney

- 8 -

                                RUDOLPH CONTRERAS, D.C. BAR #434122
                                Assistant United States Attorney

                                /s/
                                BRIAN P. HUDAK
                                Assistant United States Attorney
                                555 4th Street, NW
                                Washington, DC 20530
                                (202) 514-7143

                                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2008, a true and correct copy of the above Opposition to Plaintiff's Motion to Compel, was served upon *pro se* Plaintiff Frederick Nielsen by first class United States mail, postage prepaid, to:

> Frederick Nielsen
> 215 W. Grand Central Ave. #414
> Tampa, FL 33606-1951

and by PDF-email to: nielsenassoc@verizon.net.

Respectfully submitted,

/s/
BRIAN P. HUDAK
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7143
brian.hudak@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICK NIELSEN,<br><br>Plaintiff,<br><br>v.<br><br>ED SCHAFER, Secretary,<br>U.S. Department of Agriculture,<br><br>Defendant. | Civil Action No. 07-1610 (HHK) |

## **ORDER**

UPON CONSIDERATION of Plaintiff's Motion to Compel, and Defendant's opposition thereto, it is hereby:

ORDERED that Plaintiff's Motion to Compel is DENIED.

_____                               _____
Date                                                                             HENRY H. KENNEDY, JR.
                                                                                         United States District Judge