UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

FREDERICK NIELSEN,
        Plaintiff,

-against-                              Case No. 1-07-cv-01610 (HHK)

ED SCHAFER, Secretary               **Affirmation**
U.S. Department of Agriculture,
        Defendant.

---

### REBUTTAL TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR REASSIGNMENT OR RECALL

I, Frederick Nielsen, am the plaintiff, proceeding *in forma pauperis* (IFP) and *pro se*, in the matter listed above. I respectfully submit this Rebuttal to Defendant's Response to Plaintiff's Motion for Reassignment or Recall. I affirm, under penalty of perjury, that the statements listed below are true and correct to the best of my knowledge. For the reasons listed below, Defendant's Response should be rejected in its entirety and declared a nullity.

**A.**    **Attendance at Status Conferences**

The Court was notified, by my February 8, 2008 letter, of my IFP status, my residence in the State of Florida, and it would have been a financial hardship for me to personally appear at the February 21, 2008 Status Conference. Consequently, I requested permission to appear via telephone. That request was granted. I filed no subsequent notice that any of the above circumstances had changed, therefore I reasonably expected to appear by phone at all future conferences. His alleged second request for my physical appearance, thus represented deliberate exploitation of my IFP status and lacked even the appearance of impartiality. **The Court's first adverse action against me!**

At the First Status Conference, the Court telephoned my residence. When Judge Kennedy discovered Mr. Akpodiete's presence the discussion continued without me. I only have one phone

RECEIVED
JUL 11 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

in my apartment, so I couldn't hear much of the exchange. My May 5, 2008 Motion for Full Disclosure sought to learn exactly what transpired. The Court's insistence that I pay for the transcript, in spite of my IFP status, represents deliberate exploitation of my IFP status; **a second adverse action against me**. To even favorably respond to my motion, after this issue is resolved, makes the contents moot and useless. This is this **Court's third adverse action against me**.

B.   **Application to Proceed In Forma Pauperis (IFP)**

The Docket Sheet from the USDC, Middle District of Florida, Tampa Division, where my case was transferred from, indicates that my application for IFP status was approved. That application is identical to the one used by USDC, District of Columbia. I submitted it with my Motion for Reassignment or Recusal, but it still has not been acted upon. Is action on this application stayed too? This is the **Court's fourth adverse action against me.**

C.   **Impediments to Plaintiff's communications with the Court**

In my April 28, 2008 Motion for Consideration of my Attorney's Application to Represent Me, I cited several issues. I noted the hardship a denial of his application would place upon me. I cited the Clerk of the Court's refusal to file his application electronically. After Judge Kennedy ordered him to comply; he still refused to place it in the record. Attorney Hudak's Notice of Plaintiff's Continuance Motion stated in part: "Because Plaintiff does not have CM/ECF access and due to the delays associated with regular mail filings ... in the interests of justice" he submitted his Notice and attached my motion. My lack of this access for filing also includes my inability to review the Civil Docket of the Court. Mr. Hudak's reference to the Stay, fails to consider Fed.R.Civ.P. Rule 77(a) "the district courts shall be deemed always open for the purpose of filing any pleading ...etc."

D.   **Why the denial of Mr. Akpodiete's motion for admission was prejudicial.**

My April 28, 2008 Motion cited above showed where the Florida Bar made allowance for him to complete his practice for existing clients. Thus, their sanction protected me from being without his legal representation. Consequently, the judge has an obligation to state his reasons for

disagreeing with the decision of the Florida Bar. **The Court's fifth adverse action against me.**

I advised the court of my limitations as a layman and non attorney. In addition, the denial of Mr. Akpodiete's *pro hac vice* admission is tantamount to a rejection of my application for appointment of counsel. It is even more egregious, given that counsel has represented me from nearly the inception of the case and is already familiar with the facts.

In <u>Bradshaw v. Zoological Soc. of San Diego</u> (1981, CA9 Cal) 662 F2d 1301, The court said that it was unwilling to engage in the untenable assumptions that civil rights plaintiffs are capable of prosecuting their own cases and that they would have the determination and capability to perfect and conduct appeals properly and fully ... Noting that the finality requirement should not be construed so as to cause potentially irreparable injuries, the court also pointed out that a trial without counsel would **bind the plaintiff to prejudicial errors** made at trial and to unwise and uninformed testimony, stipulations, and discovery. The court said it was concerned not only with the mechanical complexities of the litigation, but also with the **prejudicial consequences** of a litigant's lack of capacity to pursue an effective litigation strategy.

The court stated that denial of counsel to civil rights litigants entitled to representation is **inherently prejudicial**, pointing out that to obtain counsel after a judgment on the merits, the civil rights plaintiff would be placed in the anomalous position of showing what he did wrong and how the result would have differed had he done things properly; were the litigant capable of this showing after trial, the court observed, one might assume the litigant would have done things correctly. In <u>Bradshaw</u> *supra*, the court based its decision in part upon the "Cohen doctrine."

<u>Cohen v Beneficial Industrial Loan Corp.</u>, 337 US 541 (1949) recognized that in some cases, a simplistic, absolutist, division between orders separable and inseparable from the merits of the action may not be possible and that appeals are therefore permitted even in those cases where the order meets only a relative standard of "too" independent of the cause to require that appellate consideration be deferred; the Court had noted the need for a practical rather than a technical construction of the rule. In this regard, the court found its conclusion supported by analogy to the Supreme Court's rule that an order denying leave to proceed *in forma pauperis* is appealable under 28 USCS sect 1291, finding such an order parallel on several points with an order denying a motion for the appointment of counsel.

**E.    Defendant has no standing to oppose this motion and should not have been permitted to participate in Mr. Akpodiete's motion for admission.**

I am told the *pro hac vice* motion is between that attorney and the judge. Opposing counsel has no basis to participate. This application has no bearing upon the merit of the case. The court should have held a separate hearing. The **Court's sixth adverse decision!** Mr. Hudak's unsolicited submission of Florida Bar papers, in the absence of Mr. Akpodiete or me, represents *ex parte* communications. By his own admission in his Response, he provided us with copies of the documents, <u>after the fact</u>. Standard motion practice requires the opposing party receive copies of documents presented, <u>at the time they are submitted</u>. The **Court's seventh adverse decision!** Moreover, Mr. Hudak represents the Defendant, not the judge.

F.   **Mr. Akpodiete filed a timely Supplement to his *pro hac vice* application.**

Mr. Akpodiete filed his supplement on May 27, 2008. His recollection was that judge Kennedy granted him six weeks after the conference, not three as Mr. Hudak alleged. Mr. Hudak falsely claimed that I did not respond the judge's Order either. My April 28, 2008 Motion for Consideration of my attorney's application to represent me, clearly precedes the alleged May 21, 2008 deadline. There, I presented the same reasons for his admission as cited above in item D, without case law citation.

Mr. Hudak, in his response, makes several references to papers found in the Docket. Given that I have no access to the docket, or copy of the transcript of the hearing, once again I am deprived of a full and fair opportunity to challenge or confirm his assertions. He mistakenly assumes that I have copies of some documents, but I don't even have the current Docket sheet to know exactly what was submitted. I already cited the belligerence and hostility of the Clerk of the Court in refusing to file Mr. Akpodiete's papers. I question whether he similarly withheld Court orders which he should have mailed to me.

Defendant correctly asserts his right to attend status conferences set by the court. However, the April 18, 2008 meeting had nothing to do with the status of the case, but was an inquiry about Mr. Akpodiete's motion for admission – totally independent from the merits, or

progress of the case. To follow his logic, I could then rightfully question why Michelle Johnson, the black Assistant US Attorney was removed from this case. I could argue that black US attorneys were hired in part because of their sensitivity to cases involving race and more capable of effectively finding a resolution. Maybe, she would not lend her reputation to this conspiracy.

G.    **Plaintiff met and exceeded the standard for recusal or reassignment.**

Defendant's unsolicited submission of papers from the Florida Bar represents prejudice from an extra-judicial source. Above, I cited six instances of prejudice. Recusation defined is: the process by which a judge is disqualified (or disqualifies himself or herself) from hearing a lawsuit because of interest **or prejudice**. Moreover, my motion was for **Reassignment** first. It petitioned the Chief Judge to remove Judge Kennedy!

Defendant's Proposed Order for Judge Kennedy's signature attempts to hide this motion from outside scrutiny. Talk about nonsensical! It is absurd to present this complaint to the person who is the subject of the complaint and expect him to provide an unbiased ruling. Moreover, the proposed order represents additional evidence of the appearance of conspiracy, if not impropriety.

Counsel made reference to his "ethical" obligation. I am advised by attorneys that the lawyer's Cannon of Ethics cautions avoiding "even the appearance of impropriety." Here, Defendant files an unsolicited and spirited 21 page Response to oppose the judge's removal. Methinks counsel doeth protest too much! Why would it make a difference to him if the judge was reassigned? Does he represent Defendant, the judge, or both? His very response presents the appearance of a conspiracy against my due process right to be represented by counsel – violation of Title 18 USC Sec. 241 & 242 cited in my previous motion.

**Modified Request for Relief to the Chief Judge**

a) reassign another judge to this case; b) approve my (IFP) Application to Proceed Without Prepayment of Fees and Affidavit; c) permit me and my counsel to appear via telephone or teleconferencing for all future status conferences; d) reconsider and approve Mr. Akpodiete's *pro hac vice* application for admission*; e) remove all references to the dispute over my counsel's

application in order not to prejudice the newly appointed judge; f) direct the Clerk of the Court to provide me and Mr. Akpodiete with timely current docket and copies of all entries; and ensure he continues to comply throughout the life of this case. *In the event that Mr. Akpodiete's application is denied, consider this motion as Notice of Appeal to the DC Circuit Court for denial of my application of appointment of counsel.

For all the reasons set forth above and those cited in my Motion for Reassignment or Recusal, I respectfully move this Court grant my Motion and dismiss Defendant's Response to that motion in its entirety and declare it a nullity.

Dated: July 8, 2008
Hillsborough County, FL

Respectfully submitted,

*Frederick Nielsen*
Frederick Nielsen,
Plaintiff, pro se
215 W. Grand Central Ave. #414
Tampa, FL 33606-1951
(813) 251-1620

## Certificate of Service

I, Frederick Nielsen, am the plaintiff in the above entitled matter. I affirm, under the penalty of perjury and on July 8, 2008, I served a true and correct copy of the foregoing document (Plaintiff's Rebuttal to Defendants Response the Plaintiff's Motion for Reassignment or Recusal upon Brian P. Hudak, Esq. Assistant United States Attorney, Civil Division, 555 4th Street, NW, Washington, DC 20530 via USPS and upon Alexander O. Akpodiete, Esq., at ATAWA Associates LLC 165 Courtland Street, Suite A-315 Atlanta, GA 30303.

*[signature]*
Frederick Nielsen,
Plaintiff
215 W. Grand Central Ave. #414
Tampa, FL 33606-1951

To:
Royce C. Lamberth, Chief Judge
US District Court for District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001-2866

Clerk of the Court,
US District Court for District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001-2866

Clerk of the Court, U.S. Court of Appeals
For the District of Columbia
E. Barrett Prettyman U.S. Courthouse, Room 5523
333 Constitution Avenue, N.W.
Washington, D.C. 20001