UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

----------------------------------------

FREDERICK NIELSEN,
          Plaintiff,

    -against-

ED SCHAFER, Secretary
U.S. Department of Agriculture,
          Defendant.

----------------------------------------

[Corrected Copy on p. 2*]

Case No. 1-07-cv-01610 (HHK)

**Application For Appointment of Counsel**

RECEIVED
AUG 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I, Frederick Nielsen, am the plaintiff, proceeding *pro se*, and *in forma pauperis*, in the matter referenced above. I affirm under penalty of perjury, that the information listed below is true and correct to the best of my knowledge. I submit this Application for Appointment of Counsel pursuant to 42 U.S.C. ss 2000e-5(f) (1), applying to Title VII cases, that allows the court to appoint a lawyer in such circumstances as the court may deem just. In these cases, the court can award attorneys' fees to the prevailing party, 42 U.S.C. ss 2000e-5(k). Both the Fair Labor Standards Act and the Age Discrimination in Employment Act – the law, 29 U.S.C. ss 216 (b) and 626 (1988 & supp. 1992), permit the court to award attorneys' fees to the plaintiff, to be paid by the defendant. 28 U.S.C. ss 1915 allows the court to appoint a lawyer for a person who sues as a poor person* (IFP).

## History

This Complaint was filed 1/17/2006 at US District Court, Middle District of Florida, Tampa Division. On 2/10/2006 the Court Order granted Plaintiff's motion to proceed* IFP. On 7/18/2006 Alexander O Akpodiete, Jd. filed a Notice of Appearance on behalf of Plaintiff. Plaintiff's Motion for Change of Venue was granted. Plaintiff was represented by counsel from that date and time until the case was transferred to the U.S.

District Court, District of Columbia on 9/11/2007; a total of 14 months. On 4/15/2008, counsel filed a Motion for Leave to Appear *Pro Hac Vice*. On 5/27/2008, the Court denied Mr. Akpodiete's said Motion, without stated reasons. On 7/24/2008, Plaintiff, *pro se*, filed a Motion for Clarification of the Court's 7/21/2008 Minute Order. On 7/28/2008, the Court Denied Plaintiff's Motion for Clarification. Plaintiff's second Application to Proceed *in forma pauperis**, recently approved by this Court validates his financial status, eligibility, and need.

### **Plaintiff's need for and entitlement to counsel is for the following reasons:**

The Court's denial of Plaintiff's former counsel's *pro hac vice* application, without making provisions for replacement counsel from its pro bono panel, or other means, has disrupted prosecution of this suit in these ways. It has deprived him of qualified legal counsel, who is already thoroughly familiar with this case, and ensures all of his rights are protected under law throughout these proceedings. The refusal to admit his former counsel caused Plaintiff to file a Motion for Clarification of a Court Order. The Court's Order denied the motion in part, but the absence of legal advice deprived him of a complete understanding of the Order. Further, in an 8/19/08 Status Conference, the Court set a briefing schedule for Defendant's Motion to Dismiss where defendant must file such motion by Sept. 26, 2008 and Plaintiff must reply by Oct. 27, 2008. Plaintiff's obvious lack of legal education and competence would most likely cause him to lose the dispositive motion and deprive him of the opportunity to be heard on the merits of the case. The Court and Defendant already referenced federal and local rules related to that motion. Plaintiff is unfamiliar with and unable to interpret said rules. He is unable to competently engage in motion practice with the skills, experience and ability of an

attorney. He is unable to develop a sound litigation strategy. Should this matter proceed to trial, he would be forced to proceed, without a relatively equal level of competence in the examination and cross-examination of the witnesses and presentation of exhibits. Plaintiff would be forced to conduct direct and redirect examination of himself, an unreasonably burden, especially for a non-attorney.

In Bradshaw v. Zoological Soc. of San Diego (1981, CA9 Cal) 662 F2d 1301, The court said that it was unwilling to engage in the untenable assumptions that civil rights plaintiffs are capable of prosecuting their own cases and that they would have the determination and capability to perfect and conduct appeals properly and fully ... Noting that the finality requirement should not be construed so as to cause potentially irreparable injuries, the court also pointed out that a trial without counsel would **bind the plaintiff to prejudicial errors** made at trial and to unwise and uninformed testimony, stipulations, and discovery. The court said it was concerned not only with the mechanical complexities of the litigation, but also with the **prejudicial consequences** of a litigant's lack of capacity to pursue an effective litigation strategy.

The court stated that denial of counsel to civil rights litigants entitled to representation is **inherently prejudicial**, pointing out that to obtain counsel after a judgment on the merits, the civil rights plaintiff would be placed in the anomalous position of showing what he did wrong and how the result would have differed had he done things properly; were the litigant capable of this showing after trial, the court observed, one might assume the litigant would have done things correctly. In Bradshaw *supra*, the court based its decision in part upon the "Cohen doctrine." Cohen v Beneficial Industrial Loan Corp., 337 US 541 (1949)

Plaintiff respectfully requests approval of this Application with adequate time for appointed counsel to become familiar with the facts of this case and to respond to Defendant's dispositive motion, scheduled for submission by September 26, 2008. This motion/application is not being filed for delay or any undue purpose. No one will be prejudiced by the granting of this motion. In fact Plaintiff's right to due process of law would be satisfied by its approval. The plaintiff does not have the resources to retain an attorney, as evidenced by the Court's recently approval of his IFP application.

I understand that if I am assigned a lawyer and my lawyer learns, either from myself or elsewhere, that I can afford a lawyer, the lawyer may give this information to the Court. I understand that if my answers on my Application to Proceed in Forma

Pauperis are false, my case can be dismissed. I hereby waive my privilege of attorney-client confidentiality to the extent necessary for my appointed attorneys to make an application to be relieved as provided in the Procedures Regarding Appointment of Attorneys in *Pro Se* Civil Actions.

Dated: August 20, 2008            Signature: *Frederick Nielsen*

                                                     Plaintiff, *pro se*
                                                   215 W. Grand Central Ave. #414
                                                   Tampa, FL 33606-1951
                                                   (813) 251-1620

## Certificate of Service

I, Frederick V. Nielsen, am the plaintiff in the above entitled matter. I affirm under the penalty of perjury that on **August 22, 2008**, I have served a true a true and correct copy of the foregoing corrected copy of Plaintiff's Application for Appointment of Counsel upon Brian P. Hudak, Esq. Assistant United States Attorney, Civil Division, 555 4th Street, NW, Washington, DC 20530 via USPS and upon my former attorney, Alexander O. Akpodiete, Jd., P.O. Box 211992, West Palm Beach, FL 33421.

*Frederick Nielsen*

Frederick Nielsen,
Plaintiff
215 W. Grand Central Ave. #414
Tampa, FL 33606-1951
(813) 251-1620